IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

FILED
JUN 2 2 2007
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

THE MOST REVEREND MICHAEL
J. BRANSFIELD, Bishop of the Roman
Catholic Diocese of Wheeling-Charleston
d/b/a St. Peter's Church, Welch, West
Virginia,

   Plaintiff,

v.           CASE NO.: 1:07-CV-0397

DUNFORD ROOFING, INC., a Virginia
Corporation,

   Defendant.

## COMPLAINT

Now comes your Plaintiff, The Most Reverend Michael J. Bransfield, Bishop of the Roman Catholic Diocese of Wheeling-Charleston, d/b/a St. Peter's Church, Welch, West Virginia, and for his complaint against the Defendant, Dunford Roofing, Inc. (hereinafter referred to as "Dunford Roofing"), respectfully submits as follows:

### THE PARTIES

1. The Plaintiff, The Most Reverend Michael J. Bransfield, is the Bishop of the Roman Catholic Diocese of Wheeling-Charleston, and as such possesses control and ownership of all real property located in the Roman Catholic Diocese of Wheeling-Charleston, including, but not limited to, St. Peter's Church, Welch, West Virginia. He is the real party in interest herein.

2. The Defendant, Dunford Roofing, Inc., is a Virginia corporation with its principal office address located at State Route 61, Tazewell, Virginia, and is licensed to and conducts business in the State of West Virginia.

## JURISDICTION

3. The events and conduct upon which this Complaint is based occurred in Welch, McDowell County, West Virginia.

4. The parties are diverse in that Plaintiff is a resident of West Virginia and Defendant is a resident of Virginia.

5. The amount in controversy exceeds the Seventy-Five Thousand Dollar ($75,000.00) minimum required to meet this Court's diversity jurisdictional requirements.

## FACTUAL BACKGROUND

6. St. Peter's Church and Dunford Roofing entered into a construction contract on or about March 26, 2003, wherein Dunford Roofing agreed to perform construction, maintenance and repair to St. Peter's Church in exchange for payment for its materials and services.

7. The construction project included removing and replacing roofing shingles, felt and aluminum roof edging as well as the installation of a roof vent, box gutters and downspouts, and roofing on the flat sections of the roof.

8. Pursuant to its form contract, Dunford Roofing guaranteed all materials and guaranteed that all work would be completed in a workmanlike manner, according to standard practice in the industry.

9. At all times relevant herein, Dunford Roofing held itself out as expert and master roofers and assured Plaintiff that it would perform the construction project in a workmanlike manner pursuant to industry standards.

10. Plaintiff paid Dunford Roofing all monies due and owing under the contract in a timely manner, including at the completion of the construction project.

11. After Dunford Roofing completed its work, Plaintiff discovered that Dunford Roofing's work was not performed in a workmanlike manner and did not conform to industry standards, inasmuch as water began leaking through the newly installed roof which was noticeable in numerous areas of the interior of the church.

12. Plaintiff contacted Dunford Roofing and advised it regarding the numerous leaks in the building, and Dunford Roofing eventually made some superficial repairs that did not alleviate or remedy the numerous leaks in the roof.

13. Plaintiff obtained the services of other professionals and learned that Dunford Roofing's work was not performed in a workmanlike manner and did not conform to industry standards inasmuch as most of the roof area installation was not properly blended, many of the roof tiles were not installed with the required 3/8 inch gap between tiles and roof penetrations, and that the hip and ridge tiles had been installed improperly at a random exposure.

14. Plaintiff provided Dunford Roofing the opportunity to repair its faulty and un-workmanlike roof installation and advised Dunford Roofing of resulting and ongoing damage to the interior of the church caused by the leaking roof installed by Dunford Roofing; however, Dunford Roofing refused to remedy the situation, honor its warranty and/or remedy its defective work.

15. Rather, Dunford Roofing blamed the ongoing roof leaks and damages caused thereby on the Plaintiff as well as the manufacturer of the products it recommended and purchased.

16. As a result of Dunford Roofing's failure and refusal to stand by its products and work and to honor its warranties, Plaintiff was forced to obtain the services of other professionals to repair Dunford Roofing's shoddy and un-workmanlike construction in addition to obtaining professionals to repair water damage done to the interior of St. Peter's Church including mold problems that developed as a result of the leaking roof.

17. Plaintiff was caused to expend approximately Three Hundred Forty Eight Thousand Six Hundred Ninety Two Dollars ($348,692.00) to repair Dunford Roofing's shoddy and un-workmanlike construction work, and to repair damage to the interior of St. Peter's Church, including mold remediation.

18. In addition to the aforementioned construction expenses, Plaintiff was required to expend approximately Three Thousand Eight Hundred Dollars ($3,800.00) for mold screening and remediation to alleviate mold problems resulting from Dunford Roofing's shoddy and un-workmanlike construction work.

## COUNT ONE – BREACH OF CONTRACT

19. Plaintiff avers and alleges all allegations contained in Paragraphs 1 through 18 of this Complaint as if fully stated herein.

20. As described herein, Dunford Roofing's failure to complete the subject work in a workmanlike manner and according to industry standards constitutes a breach of the contract that was entered into between Plaintiff and Dunford Roofing.

21. Dunford Roofing's breach of the contract is material and has caused great damage to the Plaintiff.

22. As a result of Dunford Roofing's breach of contract, Plaintiff has been forced to incur costs and expenses, as stated herein, to repair Dunford Roofing's shoddy and un-

<mark>
</mark>
<mark>
</mark>

workmanlike construction, to repair damage to the interior of St. Peter's Church caused by Dunford Roofing's shoddy and un-workmanlike construction, and has suffered annoyance, inconvenience, and incur attorney's fees and costs to prosecute this matter.

## COUNT TWO – BREACH OF WARRANTY

23. Plaintiff avers and alleges all allegations contained in Paragraphs 1 through 22 of this Complaint as if fully stated herein.

24. Pursuant to its form contract, Dunford Roofing guaranteed all materials and guaranteed that all work would be completed in a workmanlike manner, according to standard practice in the industry.

25. Dunford Roofing also owes Plaintiff implied warranties inasmuch as it held itself out as expert and master roofers able to perform the construction project in a workmanlike manner and in compliance with industry standards.

26. Dunford Roofing's failure to repair and remedy its shoddy and un-workmanlike construction and the damage to the interior of the church caused thereby, constitutes a breach of express and implied warranties.

27. As a result of Dunford Roofing's breach of its express and implied warranties owed to Plaintiff, Plaintiff has been forced to incur costs and expenses, as stated herein, to repair Dunford Roofing's shoddy and un-workmanlike construction, to repair damage to the interior of St. Peter's Church caused by Dunford Roofing's shoddy and un-workmanlike construction, and has suffered annoyance, inconvenience, and incur attorney's fees and costs to prosecute this matter.

## COUNT THREE – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

28. Plaintiff avers and alleges all allegations contained in Paragraphs 1 through 27 of this Complaint as if fully stated herein.

29. Pursuant to its form contract, Dunford Roofing owed Plaintiff the duty to act in good faith and deal fairly with Plaintiff.

30. Dunford Roofing's failure to repair and remedy its shoddy and un-workmanlike construction and the damage to the interior of the church caused thereby, constitutes a breach of its covenant of good faith and fair dealing that it owed to Plaintiff.

31. Dunford Roofing's failure to repair and remedy its shoddy and un-workmanlike construction and the damage to the interior of the church caused thereby, without conducting a reasonable investigation into Plaintiff's complaints, as well as its attempts to deflect blame on Plaintiff and others for its shoddy and un-workmanlike construction, constitutes a breach of the covenant of good faith and fair dealing that Dunford Roofing owed to Plaintiff.

32. As a result of Dunford Roofing's breach of the covenant of good faith and fair dealing that it owed to Plaintiff, Plaintiff has been forced to incur costs and expenses, as stated herein, to repair Dunford Roofing's shoddy and un-workmanlike construction, to repair damage to the interior of St. Peter's Church caused by Dunford Roofing's shoddy and un-workmanlike construction, and has suffered annoyance, inconvenience, and incur attorney's fees and costs to prosecute this matter.

## COUNT FOUR - NEGLIGENCE

33. Plaintiff avers and alleges all allegations contained in Paragraphs 1 through 32 of this Complaint as if fully stated herein.

34. Dunford Roofing owed a duty to Plaintiff to complete the subject construction project in a workmanlike manner and according to industry standards.

35. Dunford Roofing failed to meet its duty owed to Plaintiff because it did not complete the subject construction project in a workmanlike manner and according to industry standards.

36. Dunford Roofing's failure to meet its duty owed to Plaintiff to complete the subject construction project in a workmanlike manner and according to industry standards constitutes negligence.

37. As a result of Dunford Roofing's negligence, Plaintiff has been forced to incur costs and expenses, as stated herein, to repair Dunford Roofing's shoddy and un-workmanlike construction, to repair damage to the interior of St. Peter's Church caused by Dunford Roofing's shoddy and un-workmanlike construction, and has suffered annoyance, inconvenience, and incur attorney's fees and costs to prosecute this matter.

38. Based upon information and belief, Dunford Roofing may have committed other conduct not yet known to Plaintiff that may constitute additional breaches of contract, breaches of express and/or implied warranties, breaches of the covenant of good faith and fair dealing, and/or negligence or that constitute additional contract or tort claims against Dunford Roofing.

**WHEREFORE,** Plaintiff prays that this Court enter judgment against Defendant, Dunford Roofing, Inc., for all damages reasonably arising out of Defendant's conduct, award Plaintiff its costs and attorney's fees in the prosecution of this matter, and any such other and further relief as the Court deems appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

DATED this ___ day of June, 2007.

                                **THE MOST REVEREND MICHAEL J. BRANSFIELD, BISHOP OF THE ROMAN CATHOLIC DIOCESE OF WHEELING-CHARLESTON, Plaintiff**

                                By *[signature: William A. Kolibash]*
                                            Counsel for Plaintiff

William A. Kolibash, Esq.
W.Va. State Bar # 2087
Richard N. Beaver, Esq.
W.Va. State Bar # 6864
PHILLIPS, GARDILL, KAISER
  & ALTMEYER
61 14th Street
Wheeling, WV 26003
P: (304) 232-6810
F: (304) 232-4918